[No. 26017.   Department Two.   October 6, 1936.]

ROBERT B. FIELD, *as Trustee, Appellant,* v. NORTHWESTERN FRUIT EXCHANGE, *Respondent.*[1]

*A. N. Corbin,* for appellant.
*D. A. Shiner* and *R. D. Kendall,* for respondent.

MILLARD, C. J.—On March 19, 1928, Wenatchee Quincy Orchards, a corporation, the Fruit Production Company, Inc., and G. A. Loudenback, by real estate contract, sold to Lester D. Greer, Fred L. Greer and Arthur L. Greer a tract of orchard land in Grant county.  At that time, the land was burdened by a heavy indebtedness, payment of which was secured by a mortgage trust deed, in which Robert B. Field was named as trustee.  All of the above-named parties agreed that the fruit from the land in question be marketed through Northwestern Fruit Exchange, a corporation.

After execution of the real estate contract, Greer Brothers entered into possession and operated the orchard.  On March 24, 1931, a supplement to the real estate contract was executed by all of the interested parties, except Fruit Production Company, which refused to sign the contract because Greer Brothers were in default to it under the real estate contract in a sum in excess of eleven thousand dollars, and it had given notice of intention to declare a forfeiture of the contract unless the amount due was paid on or before August 5, 1931.

The mortgage creditor, the Fruit Production Company, and the Northwestern Fruit Exchange, which had financed the crop operations for Greer Brothers, desired adjustment of the matter in a way that the interests of each could be safeguarded.  To effect that purpose, the Fruit Production Company and Northwestern Fruit Exchange entered into an agreement July 24, 1931, under the terms of which the Northwestern Fruit Exchange paid five thousand dollars to Fruit Production Company, became surety for Greer Brothers and agreed:

". . . that commencing with the year 1931 and continuing thereafter for a period of five years, that each year in which the second party (defendant) handles the fruit crops grown upon the above mentioned premises and said fruit crops exceed 50,000 packed boxes of the three commercial grades, Extra Fancy, Fancy and C. Grade, that there shall be paid to the said first parties the sum of $2,000.00, such payment to be made on or before the 1st day of

[1]Reported in 61 P. (2d) 135.

March the year following the year in which such crop is produced; and that if any year commencing with the year 1931 the fruit crops produced upon said premises exceeds 55,000 packed boxes of the three commercial grades, Extra Fancy, Fancy and C. Grade, that then said Fruit Production Company shall receive $2,500.00 for each such year, . . .

"And the second party agrees that any year between now and March 1, 1936, in which it handles the crops grown upon said premises that it will disburse the proceeds derived from the sale of said crops in such manner as to make payment of the same in accordance with the terms of this agreement and in accordance with the terms of said agreement of March 24, 1931."

On August 19, 1931, the Fruit Production Company assigned its interest in the real estate contract to Robert B. Field, named in the above-mentioned mortgage trust deed as trustee.

On October 13, 1934, plaintiff instituted this action for the recovery of a balance of two thousand dollars claimed to be due upon the contract for apples produced and tendered during the year 1933. Plaintiff alleged:

"That during the year 1933 there were produced on said place and tendered to the defendant for sale over 50,000 boxes of apples of the three commercial grades, extra fancy, fancy and C. grade, to wit: 53,765, and that under the terms of said contract as shown in Exhibit 'A,' there became due and owing on March the 1st, 1934, to the Fruit Production Company and G. A. Loudenback the sum of $2,000.00, which sum the defendant has failed and refused to pay, leaving the sum of $2,000.00 now due and owing by the defendant to the Fruit Production Company and G. A. Loudenback, which amount is now due and owing to the plaintiff under and by virtue of an assignment hereinafter set out, by reference."

The cause was tried to the court, which found:

"That of the 1933 crop produced on said lands, the said Greer Bros. tendered to defendant for handling under said marketing contract, only one car of Delicious C Grade, containing 756 packed boxes, and 46,334 packed boxes as follows:

| Variety | XFcy | Fcy | C | Total |
|---------|------|-----|---|-------|
| Jonathans | 6,365 | 9,284 | | 15,649 |
| Delicious | 4,203 | 12,168 | | 16,371 |
| Stayman | 1,619 | 3,673 | | 5,292 |
| Winesaps | 2,866 | 4,579 | 1,449 | 8,894 |
| | | | | 46,206 |
| Fancy Delicious destroyed | | | | 128 |
| | | | | 46,334 |

"That neither the remainder of the C grade Winesaps nor any of the C grade Jonathans were segregated from the culls and were not packed or tendered to defendant for handling under said marketing contract; that if said C grades had been segregated and packed there would have been over 50,000 boxes of apples of the three commercial grades, extra fancy, fancy and C. grades,"

and concluded that the action should be dismissed. Thereupon, judgment of dismissal was entered. Plaintiff appealed.

The sole question, one of fact, is whether more than fifty thousand boxes of apples were, during the year 1933, tendered to the respondent for sale as appellant alleged.

Our examination of the record does not disclose that the evidence preponderates against the court's finding of a failure of tender by appellant, nor do we find a waiver of the obligation to tender by a refusal on the part of respondent to handle the C. grade apples.

It follows that the judgment must be, and it is, affirmed.

BEALS, MAIN, BLAKE, and GERAGHTY, JJ., concur.